The next case this morning is 524-0495, People v. Wright. Arguing for the appellant is James Waller. Arguing for the appellee is Corinne Navarro. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings today. Good morning, counsel. Good morning. There is a third member of the court on your panel, Justice Welsh. He couldn't join us this morning, so he will have available to him the recording of this argument for listening, so you won't be jeopardized in that regard. Thank you. So with that said, Mr. Waller, would you like to proceed? Thank you. May it please the court, counsel. My name is Jim Waller. I'm with the Appellate Defender's Office. It's my pleasure to represent Lamont Wright before you here today. To tidy up some issues first, the state concedes that either count six or seven must be vacated under the One Act, One Crime rule. On the first few issues then, we only disagree over whether both counts must be vacated. And counsel for the state and I also disagree over whether trial counsel rendered ineffective assistance by destroying his client's credibility when he incompetently introduced prior convictions that never should have even been allowed in. So we asked this court to remand the case for a new trial in which Lamont can be represented by effective counsel, but short of that, this court should vacate both of the domestic battery convictions and remand the case for resentencing. So let me begin with the core structural defect in this case. Lamont was convicted and sentenced on two charges of domestic battery, counts six and seven, that arose from the same physical act. The state agrees that this violates the One Act, One Crime doctrine, at least as to count six and seven, but the problem goes a bit further because the act itself is the same one alleged in count four, for which he was also convicted and sentenced. Count four alleged that Lamont struck, grabbed, pushed, and pulled Ashley, fracturing her finger. Count six and seven each alleged the same conduct, but just without the injury element, making them lesser included. Under People v. Crespo and People v. King, when charges are based on the same physical act, the state must clearly differentiate the acts in the indictment and in the argument at trial. The opposite happened here. The indictments were functionally identical and no argument or testimony differentiated the instances of contact. At closing, the state did not argue that, well, the pushing was count six, the striking was count seven, and maybe the grabbing was count four. They didn't do anything like that. The prosecutor just summarily said, quote, we've proven that he caused bodily harm and made contact of insulting or provoking nature. Not three different acts, not two different theories, just one assertion of conduct. All of these specific actions, all of these specific actions, I mean to say, and injuries were already tied to other charges. Striking that caused bruising and dousing with liquids, that was all apportioned to counts one and two as the force elements in the aggravated prim sex assault counts. The choking was apportioned specifically to count three and the domestic battery strangulation count. Strike, grab, push, and pull was all apportioned to count four and the identical actions as those in six and seven with the added injury element, and count five was the use of scissors. There was nothing left over to be specifically reserved for count six and seven. Nothing was apportioned to them. The state's concession that the actions were not appropriately apportioned to six or seven is one of constitutional magnitude also, because if we can't tell which acts support which counts, we can't trust the verdicts, and retrial is therefore barred under people v Ortiz. But the exact same rationale shows why count six and seven both must be vacated, because the act apportioned to them was accounted for in count four, which is the more serious offense. So we don't have to remand for the court to decide which is the more serious. We know four was the most serious of those three. Now in the briefs, I describe how the problem was compounded by the flawed jury instructions and the general verdict forms. I'm not going to walk us through the parsing of those jury instructions here today. I don't want to take up too much time because the one act one crime issue resolves it. But I do want to briefly mention about the verdict form, the preposterous verdict form that was entered. The state argues that this was cured by people v Smith as under the one good count rule. But Smith only applies to different theories of guilt based on the single, to support a single conviction. It has nothing to do with cases where the state seeks and acquires separate convictions and sentences for different theories. If you get charged with first degree murder and retail theft, and you give the jury a single verdict, says first degree murder and retail theft, and they check yes, that verdict is no good. You just wasted everybody's time with that trial because nobody can tell what the jury never had any opportunity to acquit for one but not the other. So there's certainly ineffective assistance of counsel in letting that happen. It's also just massive structural error. So all of those counts need to go out. It's going to be all of six and seven. Counsel was also ineffective though. Maybe more importantly, was ineffective for failing to suppress evidence of the client's prejudicial priors. At trial, defense counsel fronted Lamont's convictions for aggravated battery and violation of an order of protection, convictions very similar or identical to charges he was facing at trial here. On top of that, counsel did it poorly. He didn't provide the case numbers or the years or elicit any kind of context. So the court had to interrupt and correct the record, which made it look like Lamont was trying to hide something. That's the opposite of what you're trying to do with fronting the convictions in the first place. The state calls that sound strategy. I call it reasonable and ineffective. Illinois Rule of Evidence 609A and People v. Montgomery require balancing of probative value versus unfair prejudice for every single one of these priors. And People v. Williams says clearly, when a prior is similar to a charge at trial, the risk of prejudice is great, exclusion is favored. So there was no need to front those prejudicial convictions. Counsel should have been moving to exclude them in a motion to eliminate or objecting to the state's intent to bring them in. So he didn't need to front him. And when he did, he needed to do it competently. There was a retail theft conviction already available for impeachment. None of these were predicate priors for count six or seven either. That was a prior misdemeanor domestic battery. So there was no legal reason to bring any of these in. The balance under 609A favored exclusion. Defense counsel is expected to use established rules of evidence and procedure to prevent injecting damaging material. That's like the minimum bar, right? Do no harm to your client. Lamont's credibility was essential in this case. There were exactly two witnesses to everything that happened here, him and Ashley. And as far as how she acquired those injuries, the improper, unnecessary prejudicial admission of those priors almost certainly tipped the scale. It's hard to imagine that they did not weigh in to the jury's credibility. They probably weighed it up. My fear, as is in Williams and some of the other case law, my fear is that it weighed into extent of possible propensity. So what's the proper remedy? Well, primarily the case should be sent back for retrial on all counts, except for six and seven. Because it's impossible to know which of counsel's incompetence, it's impossible to know how much of his incompetence affected the jury's determination of Lamont's credibility on every count. Every single guilty verdict in this case is up in the air. So that remedy would cure all the problems in this case. But regardless of whether the case is remanded for a new trial, both of the domestic battery convictions, six and seven, must be vacated with prejudice. The state concedes that one should be vacated, but the law compels us to vacate both. Because they duplicate count four, the argument and evidence was not apportioned. Retrial is barred by double jeopardy. And even if the court only vacates those, it still needs to remand for new sentencing, because it's impossible to determine what effect the improper convictions had on sentencing calculus. And the case law tells us, unless we can be sure that it had no effect, we have to remand it for resentencing on everything. So it needs to go back for either a whole new trial on everything, or resentencing on everything. And in either circumstance, six and seven are off the table. Mr. Waller, count six and seven deal with prior convictions, whereas count four does not. Count four is the pushing and pulling, as you say, but also fracturing her finger. Whereas six and seven deal with prior convictions. That's true, Your Honor. But the prior conviction is only an element to the extent that it aggravates it up to a felony. It is, that prior was never presented to the jury. It's not something that needs to be proven as an element when it's one of those wobblers. It's not an element like causing bodily harm is an element. It's only a sentencing enhancement. And so it does not, so therefore it doesn't change the lesser includedness of all of those counts. But how can it be the same as count four if it's an enhancement? It can't be the same. I'm sorry, Your Honor. It's the same, it's an included, it's a lesser included offense. The prior just would give it a sentencing enhancement. It means that they have to be sentenced and tried and sentenced as felonies rather than as misdemeanors. But I don't believe that changes the comparing the elements calculus. Either way, we're still talking about the act. I say they're lesser included, but even if we don't use the lesser included language, it's still the same physical act of grab, push, pull, hodgepodge the state through the wall here. I understand, but wouldn't it be, under your theory, wouldn't you get rid of count four and one of the counts six or seven would be left because they're, unless you count a finger is great bodily harm. Well, and I think that's a, that's a, I think it's an iffy proposition personally, but I do agree. I do agree that that would absolutely be a proper remedy. I hadn't considered, I can consider that as a remedy, but it certainly seems like it would check all the boxes and provide the necessary relief short of retrial and everything else.  Okay. If there are other questions, thank you. I'll speak with you again shortly. Do you have any questions, Justice Moore? No questions. Okay. Does that conclude the beginning of your argument, Mr. Waller? It does, Your Honor. Thank you very much. Okay. Ms. Navarro for the state. Thank you. May it please the court, counsel. My name is Karen Navarro and I represent the state. Defendant was charged and convicted of multiple offenses, two of which included two counts for domestic battery. On appeal, defendant challenges the two convictions for domestic battery. First, by arguing that the jury was only asked to determine a single charge of domestic battery. Thus, the convictions cannot stand. Or in the alternative, that the two convictions for domestic battery violated the one act, one crime doctrine. The state concedes that there is a violation of the one act, one crime doctrine, as there cannot be multiple convictions for the same physical act. However, the state submits that count six should stand where count six should be vacated. In raising the one act, one crime doctrine in the original brief, it related to count six and seven. There was not an issue here raised as to a violation of the one act, one crime doctrine as to count four. So here we're looking at count six and seven. And when we look at both count six and seven, they do charge the exact same conduct, which is that defendant struck, grabbed, pushed, and pulled the victim and was previously convicted of a domestic battery. That's under both count six and seven. So the only difference was in the theory in which the state used to charge defendant. Count six charged defendant with bodily harm, whereas count seven was making physical contact of an insulting or provoking nature. And when there's a violation of the one crime, I'm sorry, one act, one crime doctrine, the remedy is to make it the less serious of the offense. Here, that would be count seven because it's alleging the insulting or provoking nature. So the state submits that count seven should be. Excuse me, but Miss Navarro, they're both count. They're both class four felonies. So how do we know which is the most serious crime? Based on six or seven, it would be based on what it's alleging. Count six is charging defendant with causing bodily harm, which in itself is inherently greater than making physical contact of an insulting or provoking nature. So because that can be determined to be lesser, the greater one would be the mate causing bodily harm, which is count six, which is why we believe that count seven is the one that should be vacated. I know, but aren't we to look at the penalties for which the crime is alleged to have been committed? They're both class four. Yes, they're both class four, and they both have the same consequences, which is why we look to the language of what the indictment actually says. And that's why we would determine that count seven is the lesser of count six and seven. Do you have a case for that proposition? I do not have one with me. No, Your Honor. I didn't see one cited that would explain that, where they're both class four felonies. So the state's position is that because one is bodily harm, and that's inherently greater than conduct that is insulting or provoking. That's why we believe that it should be count seven. Regardless of whether it's count six or count seven, one should be vacated. And one should stand. Right. And you've conceded that one should be vacated and one should stand. What about count four, where the knowingly causing great bodily harm when he struck, grabbed, pushed, and pulled Ashley? Is that a lesser included of count six and seven? Your Honor, whether it's a lesser included of count six and seven is a lesser included of count four. That's an entirely separate argument that was not raised on appeal. That's looking at whether the one act one crime doctrine is violated as to count four, six, and seven. However, the issue on appeal as was raised by defendant was whether the two convictions for domestic battery violated the one act one crime doctrine. That was only looking at issues, I'm sorry, at count six and seven. While there is mention in passing in the opening brief that the acts weren't apportioned properly, there was no specific argument that was raised stating that there was a violation of the one act one crime doctrine as it relates to count four. Comments in passing cannot be used to say an argument was raised. Even if we do look at the counts, there's different elements that are required for count four versus count six and seven. Count four specifically says that knowingly caused great bodily harm when he struck, grabbed, pushed, and pulled the victim fracturing her finger, which is still part of an element that needs to be approved. Then count six did not have that fracturing finger, but rather had while defendant previously had a domestic battery conviction. There's different elements here and there's the act of committing the grab, strike, pulling while fracturing the finger, and it's separate from count six and seven. The apportioned evidence acts are there. The issue of whether it violates the one act one crime doctrine is completely separate and was not raised in the initial brief. So, the state submits that that argument is forfeited because it wasn't raised the way it properly should have been raised. Okay, what about the ineffective assistance of counsel for the admission of the prior convictions? So, for the ineffective assistance of counsel, defendant claims that counsel should have moved to suppress the evidence of his prior convictions. Here, counsel specifically informed the court of its decision and how it was part of his trial strategy to not to front the convictions because defendant chose to testify. Defendants choosing to testify allowed the state to then cross-examine defendant using the prior convictions. There's not a complete bar on allowing the state to use prior convictions during cross-examination to impeach defendant, and it was definitely something that the state was allowed to do. And by choosing to front it, this allowed the defense attorney during trial to have more control of the way that it was presented to the jury. This was defendant admitting it to the jury versus it coming out in cross-examination, risking the possibility of it looking like defendant was trying to hide it. When defense counsel specifically asked the questions as to whether there were prior ones, defendant had the ability to say, yes, I've made mistakes in my life before, but I've changed, and these convictions occurred eight, seven, or eight years ago. So, that allowed defense counsel the ability to help defendant's credibility by showing, yes, I did these things. They occurred in the past. I'm a different person now. And then even looking at it while the state said that there was a conversation after the jury was gone stating that there had been some misstatement of the dates, all the trial court did was list the offense and list the exact date of when it occurred. And then it still gave that limited instructions, letting the jury know that these convictions were not to be used as evidence of guilt, but only went to the credibility. And that's actually something that is allowed. The court is allowed to allow prior convictions, even where they're similar in nature, when there's a limited instruction given. And that's exactly what happened here. So, defense counsel choosing to front this prior convictions was not unreasonable given the fact that defendant chose to testify and the state had the ability to cross-examine him with this. It gave counsel a little bit more control, which is what counsel informed the trial court. And it's the same thing that he informed defendant when they discussed it and agreed that that was a trial strategy that they were going to use. And that's why the state does not believe that there was ineffective assistance of counsel. And what about the fact there was only one verdict form given? As it relates to the two domestic battery? Yes. So, as it relates to that, while there was only one verdict form given, the state still believes that the one good count rule should apply because even though the jury did return a guilty verdict as to defendant committing an act, even though there wasn't a unanimous stating that the jury agreed that there was a specific means in which they agreed that defendant did it, the act itself was still shown and it wasn't necessary for the jury verdict to establish what theory it believed that the state actually proved. So, that's why we believe at least one of the convictions should still stand.  Thank you. So, for these reasons, we ask that the court reject defendant's argument that he received ineffective assistance in counsel and vacate one of the convictions for domestic battery. Thank you. Justice Moore, questions? No questions. Okay. Thank you, Mr. Navarro, for your arguments. Mr. Waller, rebuttal? Yes, please. Thank you. As far as what relief is requested in vacating count six and seven and count four, we do ask in the opening brief to vacate count six and seven, certainly under the improper verdict form rule. That's right in our opening brief. I want to say it's around page 23, but the verdict form alone means we need to vacate count six and seven both entirely because we don't know. The jury was never given any opportunity to find guilty for one and not guilty for the other. I feel that counsel for the state in insisting that insulting and provoking conduct is inherently not as bad as domestic battery with bodily harm, it really is kind of treating those as one is a lesser included of that. That's not what they are. They are separate offenses. We can certainly imagine instances of insulting or provoking contact that would be more severe and more harmful than bodily harm. And that's why normally in this type of situation, we would have to remand back for the trial court to determine. But here there are multiple reasons why entering both of these are not good. The argument that they both need to be vacated because they are subsumed by count four is just a direct extension of the reasoning that supports the state's concession. Why we need to just get rid of one of them is why we need to get rid of both of them. Well, you didn't raise this in your brief, though. I didn't in my opening brief. I did not say we need to dismiss. We need to vacate both of them because one act, one crime is subsumed in count four. I came to that in the reply brief when I analyzed the state's reasoning. But I did ask that they both be vacated in my opening brief, for sure, based on the improper verdicts. You asked about count six and seven, but this whole argument about count four seems new to me. Well, and I apologize for that. Like I said, it is better developed in my reply brief, for sure. And it is taken just as a direct logical extension of the same legal principles that give rise to the necessary vacature of one of the counts. But again, the vacature of both of them is still required because of the way the state handled this verdict form. We can't practice law that way. We can't sentence people to prison that way. The state continues to insist that... If both count six and seven are vacated, does the entire matter have to be vacated, or can only those counts be vacated? Well, the entire matter needs to be remanded still for a new trial because of counsel's ineffectiveness and how he jeopardized a possible not guilty on any other or all of the other counts by destroying his client's credibility with a ham-handed fronting of unnecessary priors. Your client chose to testify, so chances are those would have come in. It could be trial strategy, as the state argued. I strongly, strongly disagree, Your Honor. And the way the state relies on the language of the state's allowed to ask for these things, no, they're not. Getting in prior bad acts, we've got this pillar threshold rule that these prior bad acts are not admissible. If you want to get them in, you've got to drive that camel through the eye of the needle here. It's got to be admissible under Montgomery and 609A, which means you have to do that balancing test. You have to balance appropriate value versus undue prejudice. If you can't pass that last gate, these don't come in. And here we know that they're not likely to come in because case law tells us, controlling case law tells us, exclusion is favored when the charges are this similar. And especially when we have other counts, other priors that are available to affect credibility, which is all of this. The entire purpose of this is to have the appropriate calculated and calibrated impeachment of credibility that a prior conviction is supposed to suggest, especially a conviction that doesn't have anything to do with credibility. So the legislature and all of the prior courts before us have done this balancing act and said, you're not just allowed to. You get to in very, very narrow circumstances. Those circumstances don't apply here, which means if this had been challenged, it would have... The case law finds this to be reversible error, by the way, when the trial court gets it wrong. It's not just a discretion issue. It's a reversible error if the trial court allows in these improperly unduly prejudicial priors. Because it's reversible error when that happens, that means that if counsel had challenged it, he should have won. And that changes the credibility calculus so drastically on how these injuries were accumulated that we can't say that there's not a reasonable chance, even if less than 50%, there's not a reasonable chance of acquittal on at least one more of these counts. So the credibility, unfortunately, the credibility damage was unfairly done, taints everything. That's why everything needs to be remanded. Certainly at least one count of the domestic batteries need to be vacated and likely both just for the verdict issue alone. I see I'm over my time. If there are other questions, I thank you very much. Justice Moore? No questions. Okay. Thank you both for your arguments here today. The matter will be taken under advisement and we will issue an order in due course.